# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE: )| |
| )| |
| UAL CORPORATION, et al )| |
| )| No. 05 C 3172 |
| Debtors. )| |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Appellant Association of Flight Attendants-CWA, AFL-CIO ("AFA") motion for a stay pending the appeal of the bankruptcy judge's ruling in the instant action. In December of 2002, United Airlines ("United") and twenty-seven of its affiliates filed voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. During the bankruptcy proceedings, United agreed to enter into a settlement agreement with the Pension Benefit Guaranty Corporation ("PBGC"). On April 26, 2005, United filed an emergency motion in the bankruptcy proceedings seeking an approval of its settlement agreement with PBGC. AFA opposed United's emergency motion for an approval of the settlement. On May 10, 2005, the bankruptcy judge heard oral arguments on the motion and issued an oral ruling, which was memorialized in an order that was entered on May 11, 2005, granting United's emergency motion for an

1

approval of the settlement. On May 18, 2005, AFA filed the instant appeal which is now before this court. On May 20, 2005, AFA moved in the bankruptcy proceedings to stay the May 11, 2005 order and on May 26, 2005, the bankruptcy judge denied AFA's motion to stay. AFA has now filed a motion to stay pursuant to Rule 8005 of the Federal Rules of Bankruptcy Procedure ("Rule 8005"), (Mot. 1), requesting that the court stay the bankruptcy judge's May 11, 2005 order, pending the resolution of the appeal of that ruling.

Pursuant to Rule 8005, "[a] motion for a stay of the judgment, order, or decree of a bankruptcy judge, for approval of a supersedeas bond, or for other relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance." Fed. R. Bankr. P. 8005. AFA has indicated that prior to the instant motion, AFA filed a motion to stay with the bankruptcy judge and thus, AFA has complied with Rule 8005 in this regard. However, Rule 8005 also specifies that, in regards to a motion for a stay of an order of a bankruptcy judge, "[a] motion for such relief, or for modification or termination of relief granted by a bankruptcy judge, may be made to the district court or the bankruptcy appellate panel, but the motion shall show *why* the relief, modification, or termination was not obtained from the bankruptcy judge." *Id.* (emphasis added). In the instant action, the only references in AFA's motion and memorandum to the ruling made to the motion to stay filed before the bankruptcy judge, are three conclusory statements indicating that "[t]he motion was denied on May 26," (Mem. 1), that "the motion was denied on May 26,"

2

(Mem. 11), and that "the stay motion was denied on May 26." (Mot. 1). Completely absent from AFA's memorandum and motion is any explanation, as is required under Rule 8005 as to "why" the relief sought by AFA, namely the stay, "was not obtained from the bankruptcy judge." Fed. R. Bankr. P. 8005.

The clear purpose of Rule 8005 is to ensure that the bankruptcy court, which is most familiar with the proceedings, is ordinarily given an opportunity first to address the merits of a request for relief and also to advise the district court why the movant failed to seek such relief or why the bankruptcy court refused to give the movant such relief if the movant made a prior motion for such relief before the bankruptcy court. If a movant does not first seek the relief from the bankruptcy court, then, under extraordinary circumstances, the movant may proceed directly to the district court for such relief under Rule 8005, but in such an instance, the movant must still show why the relief was not sought from the bankruptcy judge. Rule 8005 also applies to a situation when a party seeks the relief from the bankruptcy court, such relief is denied, and then the party proceeds to the district court to seek the same relief. Such is the situation before us, and AFA has expressly moved under Rule 8005 in its motion to stay. (Mot. 1). The provision in Rule 8005 that requires an explanation as to "why" the relief was not obtained from the bankruptcy court is not limited only to a situation when a party is seeking to bypass the bankruptcy judge. Rather the only sentence in Rule 8005 that addresses a motion for relief under Rule 8005 that is filed with a district court includes the requirement that the motion indicate "why" such

3

relief was not obtained from the bankruptcy court. There is no limitation in Rule 8005 that indicates that the required explanation is solely limited to situations when the movant has not first sought the relief from the bankruptcy judge. The provision in Rule 8005 requiring an explanation as to "why" relief was not obtained does not state for example that an explanation must be provided indicating "why the relief was not first sought from the bankruptcy judge."

In addition, Rule 8005 clearly does not simply require a statement indicating that the movant tried to get relief from the bankruptcy court and that the request was denied. In the instant action, the only information that is provided by AFA in its motion and memorandum is the fact that the requested relief, namely the stay, was denied by the bankruptcy court. However, Rule 8005 expressly requires the motion to indicate "why" the relief was not obtained rather than simply that such relief was denied. Fed. R. Bankr. P. 8005. *see also In re Baltic Associates, L.P.*, 1993 WL 541673, at *1 (E.D. Pa. 1993)(stating that the plaintiff "filed a motion for a stay pending an appeal with the Bankruptcy Court" and that although the plaintiff indicated in its brief "that the Bankruptcy Court denied this motion on November 19, 1993[,]. . . [the plaintiff] fail[ed] to indicate the reasons for the bankruptcy judge's decision. . .[and] [t]hus, the plaintiff's motion [could] be denied on this basis alone."); *In re Duncan*, 107 B.R. 758, 759 (W.D. Okl. 1988)(stating that "a previous motion to stay was denied" by the bankruptcy judge and that since the debtors "in no way indicate[d] the reasons for the judge's action[,] [the] . . . debtors . . . failed to comply

with Rule 8005."). In the instant action, AFA does not explain why the Bankruptcy judge denied the request for a stay. For example, AFA does not provide any recitation of the bankruptcy judge's reasoning as to why the bankruptcy judge decided to deny the motion to stay or how the bankruptcy judge ruled on the various issues that led to the ultimate denial of the motion to stay. AFA does not explain, for example, whether or not the bankruptcy judge denied the motion to stay based upon a substantive point or a procedural point. Even if the bankruptcy judge had not provided the reasoning behind his ruling, AFA was at least required, under Rule 8005, to inform this court in its motion that no such reasoning was stated by the bankruptcy judge. AFA's instant motion to stay is thus defective on its face since it fails to comply with Rule 8005. Therefore, we deny AFA's motion to stay without prejudice.

## CONCLUSION

Based on the foregoing analysis, we deny AFA's motion to stay without prejudice.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: June 16, 2005